

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00416-CV

———————————————

MAGNUS OKWUCHUKWU UDUJI, Appellant

V.

ERIC WILLDEN, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2025-005148-1

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

This is a forcible detainer action—Appellant Magnus Okwuchukwu Uduji was evicted, Appellee Eric Willden was awarded possession of the property, and Uduji filed this appeal. But while Uduji's appeal was pending, the case became moot.

Because "[t]he only issue in a forcible detainer action is the right to actual possession of the premises," a forcible detainer appeal becomes moot upon an appellant's removal from the property unless (1) the appellant asserts a meritorious claim of right to current, actual possession of the property, or (2) damages or attorney's fees remain at issue. *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 785–90 (Tex. 2006); *Leija v. De Koro Homes LLC*, No. 02-22-00248-CV, 2022 WL 3464771, at *1 (Tex. App.—Fort Worth Aug. 18, 2022, no pet.) (mem. op.). Here, after Uduji filed his notice of appeal, he notified this court that he "no longer live[d] at [the property]" and "ha[d] removed [him]self since the . . . eviction judgment." Uduji's notification did not assert a right to current, actual possession of the premises, nor did it indicate Uduji's desire to challenge the trial court's imposition of court costs.[1] *Cf. Marshall*, 198 S.W.3d at 790 (noting that "in some instances a case is not moot even though the only issue presented relates to court costs").

Consequently, we notified Uduji that his removal from the property appeared to moot his case. We warned him that we would dismiss the appeal unless, within ten

---

[1]The trial court did not award damages or attorney's fees.

days, he filed a response showing grounds for continuing it. *See* Tex. R. App. P. 42.3(a), 44.3. More than ten days have passed, and we have not received a response.

Therefore, because Uduji is no longer in possession of the property, and because he has not identified a live controversy warranting the continuation of this appeal, we vacate the trial court's judgment and dismiss the case as moot. *See* Tex. R. App. P. 43.2(e); *Marshall*, 198 S.W.3d at 790; *Hizar v. 777 ER, LLC*, No. 02-24-00549-CV, 2025 WL 876778, at *1 (Tex. App.—Fort Worth Mar. 20, 2025, no pet.) (per curiam) (mem. op.); *Leija*, 2022 WL 3464771, at *1–2.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: October 30, 2025

3